United States Court of Appeals,

Eleventh Circuit.

No. 96-4724.

Pedro Pablo MESA, Mercedes Mesa, Maria Luz Galdeano, Carlos Galdeano, David Galdeano, Plaintiffs-Appellants,

v.

UNITED STATES of America, Michael Dolan, Jaime Camacho, Defendants-Appellees.

Oct. 7, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 92-2858-CIV-MARCUS), Stanley marcus, Judge.

Before ANDERSON and BIRCH, Circuit Judges, and WOODS[*], Senior District Judge.

ANDERSON, Circuit Judge:

This case arises out of the service of an arrest warrant on the wrong man. The appellants contend that law enforcement officers failed to properly ascertain the identity of the person on whom the arrest warrant was served. Because we conclude that the appellants' claim is barred by the Federal Tort Claims Act's discretionary function exception, we affirm the district court's dismissal of this case for lack of subject matter jurisdiction.

## I. FACTS AND PROCEDURAL HISTORY

Appellants Pedro Pablo Mesa, Mercedes Mesa, Maria Luz Galdeano, Carlos Galdeano, and David Galdeano (collectively "the appellants")[1] filed this lawsuit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* At issue in this appeal is the district court's dismissal of Count II of the appellants' complaint.[2]

---

[*]Honorable Henry Woods, Senior U.S. District Judge for the Eastern District of Arkansas, sitting by designation.

[1]Pedro Pablo Mesa and Mercedes Mesa are married. Maria Luz Galdeano is the Mesas' daughter. Carlos Galdeano is Maria's husband, and David Galdeano is Maria and Carlos' son.

[2]The other six counts of the appellants' complaint, which are not at issue in this appeal, allege the following claims: Count I alleges negligence in the procurement of a warrant, Count III alleges assault and battery, Count IV alleges false imprisonment, Count V alleges intentional infliction of emotional distress, Count VI alleges invasion of privacy, and Count VII alleges a claim based on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S.

In Count II of their complaint, the appellants allege that Drug Enforcement Agency agents negligently or recklessly served an arrest warrant on appellant Pedro Pablo Mesa by "fail[ing] to properly ascertain the identity of the persons inside the [Mesa] residence ... prior to their service of the subject arrest warrant," (Compl.¶ 45), "serv[ing] ... the subject warrant on the wrong man and/or at the wrong address," (*Id.*), and "negligent[ly] fail[ing] to cease and desist the detention and questioning of [the appellants] ... once their mistake was discovered," (*Id.*). The appellants do not deny that the DEA agents had a warrant for the arrest of *a* Pedro Pablo Mesa; instead, the appellants contend that the DEA agents served the warrant on the *wrong* Pedro Pablo Mesa. The appellants allege that they suffered injury as a result of the DEA agents' alleged negligence, and they seek monetary damages and equitable relief. The United States does not deny that the DEA agents served an arrest warrant on appellant Pedro Pablo Mesa, nor does the United States deny that appellant Pedro Pablo Mesa is not the Pedro Pablo Mesa who was named in the arrest warrant.

The United States moved for dismissal of Count II, or in the alternative, for summary judgment on Count II. The district court granted the United States' motion to dismiss, concluding that the court lacked subject matter jurisdiction over Count II because the claim alleged in Count II is barred by the FTCA's discretionary function exception. *See Mesa v. United States,* 837 F.Supp. 1210 (S.D.Fla.1993).[3]

---

388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Count I was dismissed by the district court upon motion of the United States. The district court also dismissed Count II, but denied the United States' motion to dismiss, or in the alternative, for summary judgment, as to Counts III-VII. Ultimately, and at the request of the parties, the district court dismissed Count I and Counts III-VII with prejudice and entered final judgment. This appeal regarding the dismissal of Count II ensued.

[3]The district court held that "the function of determining when and how to execute an arrest warrant is quintessentially a discretionary function, involving choices and judgments that are grounded in policy considerations." *Mesa,* 837 F.Supp. at 1213. However, the allegations in Count II do not sweep so broadly as to encompass all actions which might be taken in deciding when and how to execute the arrest warrant. Count II's allegations focus only on the agents' allegedly negligent failure to properly locate the subject of the arrest warrant and to properly identify, both before and during service of the warrant, the subject of the warrant. We thus need not decide the question of whether all actions taken in deciding when and how to execute an arrest warrant are subject to the discretionary function exception. Instead, we address the narrower question of whether the process of locating and identifying the subject of an arrest

2

## II. DISCUSSION

 In reviewing the district court's dismissal of Count II of the appellants' complaint, we accept the allegations of Count II as true, and we review *de novo* the district court's application of the discretionary function exception. *Hughes v. United States,* 110 F.3d 765, 767 (11th Cir.1997).

The FTCA waives the United States' sovereign immunity from suit in federal courts for its employees' negligence. *See* 28 U.S.C. § 1346(b). However, the discretionary function exception provides that the United States' sovereign immunity is not waived as to "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

In determining whether challenged conduct falls within the discretionary function exception, we apply a two-part test. First, we examine the nature of the challenged conduct and determine whether it involves " "an element of judgment or choice.' " *United States v. Gaubert,* 499 U.S. 315, 322, 111 S.Ct. 1267, 1273, 113 L.Ed.2d 335 (1991) (quoting *Berkovitz v. United States,* 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531 (1988)). *See also Ochran v. United States,* 117 F.3d 495, 499 (11th Cir.1997).[4] Second, if the challenged conduct involves an element of judgment or choice, we determine whether the judgment or choice is grounded in considerations of public policy because "the purpose of the exception is to "prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.' " *Gaubert,* 499 U.S. at 323, 111 S.Ct. at 1273-74 (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 814, 104 S.Ct. 2755, 2765, 81 L.Ed.2d 660 (1984)). *See also Ochran,* 117 F.3d at 499-500.

---

warrant is within the discretionary function exception.

[4]Government conduct does not involve an element of judgment or choice if there is a statute, regulation, or policy that requires the employee to follow a specific course of action. *Gaubert,* 499 U.S. at 322, 111 S.Ct. at 1273; *Ochran,* 117 F.3d at 499. The appellants have alleged no conduct by the agents that could reasonably be expected to be contrary to any such guideline.

Count II alleges that the DEA agents failed to properly ascertain the identity of the inhabitants of the Mesa residence prior to service of the arrest warrant. Count II also alleges that the agents failed to cease detaining and questioning the appellants once the agents were inside the Mesa residence and allegedly should have known that appellant Pedro Pablo Mesa was not the man named in the arrest warrant. We readily conclude that the decisions regarding how to locate and identify the subject of an arrest warrant and regarding whether the person apprehended is in fact the person named in the warrant are discretionary in nature and involve an element of judgment or choice. We therefore turn to an examination of whether these decisions are grounded in considerations of public policy. In so doing, we keep firmly in mind that

> we do not focus on the subjective intent of the government employee[s] or inquire whether the employee[s] actually weighed social, economic, and political policy considerations before acting.... [Instead,] [w]e "focus [ ... ] on the nature of the actions taken and on whether they are susceptible to policy analysis."

*Ochran,* 117 F.3d at 500 (quoting *Gaubert,* 499 U.S. at 325, 111 S.Ct. at 1275). *See also Autery v. United States,* 992 F.2d 1523, 1530-31 & n. 13 (11th Cir.1993), *cert. denied,* 511 U.S. 1081, 114 S.Ct. 1829, 128 L.Ed.2d 458 (1994).

The decision as to how to locate and identify the subject of an arrest warrant prior to service of the warrant is susceptible to policy analysis. For example, in deciding how extensively to investigate the location and identity of the subject, agents may weigh the urgency of apprehending the subject in light of such factors as the potential threat the subject poses to public safety and the likelihood that the subject may destroy evidence. A desire to keep the investigation secret—for tactical reasons, to protect confidential sources, to protect the agents involved, or for other reasons—may also factor into the decision as to how to locate and identify the subject of a warrant. In addition, agents may consider their available resources and decide how to allocate those resources among the many investigations for which they are responsible. All of these factors indicate that the decision regarding how to locate and identify the subject of an arrest warrant is fundamentally rooted in policy considerations, and that judicial second-guessing of this decision thus is not appropriate. We therefore conclude that the investigation of the whereabouts and identity of the subject of an

4

arrest warrant prior to service of the arrest warrant is conduct that falls within the discretionary function exception.

The appellants also contend that the DEA agents negligently or recklessly failed to cease detaining and questioning the appellants once the agents were inside the Mesa residence serving the arrest warrant and allegedly should have known that they had the wrong Pedro Pablo Mesa. Again, this process of determining whether the person apprehended is actually the person named in the arrest warrant is grounded in considerations of public policy. For example, in making such a determination, the agents may consider the possible repercussions of erroneously deciding that the person they apprehended is not in fact the person named in the warrant and letting that person go free. Such an erroneous decision could potentially create a serious danger to public safety, and could also pose a threat to the agents involved in executing the warrant if the freed subject decided to retaliate against the agents. Additionally, the agents involved in executing the warrant may consider the fact that if they mistakenly free the person detained, the person may destroy evidence or may flee and thus evade or make more difficult future capture and prosecution. All of these considerations are rooted in policy considerations. Accordingly, we conclude that the discretionary function exception applies to the process of determining whether the person apprehended is actually the person named in the arrest warrant.[5]

Because the nature of the conduct alleged by the appellants in Count II of their complaint falls within the discretionary function exception, the district court properly dismissed Count II for lack of subject matter jurisdiction. The appellants argue, however, that the district court erred by disposing of Count II on a motion to dismiss because the appellants contend that they were entitled

[5]The appellants originally alleged other claims, such as assault and battery and false imprisonment, in their complaint, but they have since voluntarily dismissed these claims with prejudice. In light of their dismissal, we have no occasion to examine whether or not these claims would be viable theories of recovery under the FTCA in this case. Instead, we focus solely in this case on whether the appellants may pursue their claims that the agents negligently investigated the whereabouts and identity of the subject of the arrest warrant and negligently failed to cease detaining and questioning the appellants once the agents were inside the Mesa residence serving the arrest warrant and allegedly should have realized that they had the wrong Pedro Pablo Mesa.

to conduct discovery. We reject this argument in this case. It is clear from the face of the appellants' complaint that the conduct alleged in Count II involves the process of identifying, both before and during the service of the warrant, the subject of an arrest warrant. Even assuming, as we must, that the appellants' allegations of negligence are true, the process of identifying the subject of an arrest warrant fundamentally involves an exercise of discretion and considerations of public policy. *Cf. Hughes,* 110 F.3d at 767 n. 1 ("Our concern under the discretionary function exception is not whether the allegations of negligence are true; instead, our concern is whether the *nature of the conduct* involves judgment or choice and whether that judgment is of the kind that the exception was designed to protect."). The appellants have pointed to no act of these DEA agents that could fall outside of the discretionary function exception, nor have the appellants pointed to any requested discovery that could reasonably be expected to reveal any such act. We therefore conclude that the district court did not err by deciding the discretionary function exception issue on a motion to dismiss. *See Gaubert,* 499 U.S. at 334, 111 S.Ct. at 1279-80 (concluding, in the posture of a motion to dismiss, that the claims alleged were barred by the discretionary function exception); *Powers v. United States,* 996 F.2d 1121, 1125 (11th Cir.1993) ("Although a more fully developed factual record might be helpful, we find that one is not necessary. The relevant statutory language and the plaintiffs' allegations clearly indicate that the plaintiffs here challenge "the exercise or performance or the failure to exercise or perform a discretionary function or duty.' " (quoting 28 U.S.C. § 2680(a))).

### III. CONCLUSION

For the foregoing reasons, the district court's dismissal of Count II of the appellants' complaint for lack of subject matter jurisdiction is affirmed.[6]

---

[6]In light of our conclusion that the appellants' claim is barred by the discretionary function exception, we need not address the United States' argument that the appellants have failed to allege facts sufficient to support recovery under Florida law. *See Ochran,* 117 F.3d at 504 n. 6 (explaining that in order to state a claim under the FTCA, the facts alleged must support recovery under state law).

We also decline to decide whether the appellants or the United States have the

6

AFFIRMED.

---

burden of proving the applicability of the discretionary function exception because regardless of who bears the burden, it is clear in this case that the discretionary function exception applies. *See id.* at 504 n. 4 (declining to decide the issue); *Hughes,* 110 F.3d at 767 n. 1 (same); *Autery,* 992 F.2d at 1526 n. 6 (same).