**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 04-1242**

—————————

RONALD A. BURROWS; SHERYL A. BURROWS,

Plaintiffs - Appellants,

versus

UNITED STATES OF AMERICA,

Defendant - Appellee.

—————————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge. (CA-03-1263-DKC)

—————————

Submitted:  September 15, 2004      Decided:  January 25, 2005

—————————

Before WILKINSON, LUTTIG, and DUNCAN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Ronald A. Burrows, Sheryl A. Burrows, Appellants Pro Se.  Neil Ray White, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronald and Sheryl Burrows filed a complaint against the United States and the United States Postal Service concerning excessive noise from the post office across the street from their townhouse in Rockville, Maryland. The district court denied relief on all claims. The Burrowses timely appealed.

To the extent that the Burrowses claim on appeal that they had a cause of action for damages under the Postal Reorganization Act, 39 U.S.C.A. §§ 401 - 412 (West 1980 & Supp. 2004) ("PRA"), we find that the district court correctly concluded that monetary relief was not available under the PRA. Instead, because the Burrowses had a cognizable claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 - 2680 (2000) ("FTCA"), the FTCA provided the exclusive remedy. 28 U.S.C. § 2679(a); FDIC v. Meyer, 510 U.S. 471, 476 (1994).

The Burrowses take issue with the district court's finding that their trespass and nuisance claims were barred by the discretionary function exception to the FTCA's waiver of sovereign immunity. The discretionary function exception provides that the United States is not liable for any claims "based upon the exercise or performance or the failure to perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Pursuant to the discretionary function

- 2 -

exception, a court lacks subject matter jurisdiction over any suit concerning government conduct that (1) involves an element of judgment or choice, and (2) is an action or decision based on considerations of public policy. United States v. Gaubert, 499 U.S. 315, 323 (1991); Berkovitz v. United States, 486 U.S. 531, 537 (1988). We find that decisions concerning the loading and unloading of mail involve an element of judgment or choice and are grounded in the economic and social policies of the Postal Service to provide "prompt, reliable, and efficient [mail] services" to the nation and therefore fall within the protection of the discretionary function exception. 39 U.S.C. § 101(a) (2000); cf. Hughes v. United States, 110 F.3d 765, 768 (11th Cir. 1997) (holding that security decisions are "a fundamental part of the economic and social policy analysis required to achieve the basic goals of the Postal Service" and therefore are entitled to protection from action under the discretionary function exception). Accordingly, we find that the district court properly concluded that it lacked subject matter jurisdiction over the Burrowses' FTCA claims.

In addition to damages, the Burrowses sought declaratory and injunctive relief, specifically a declaration that the Postal Service's activities amounted to trespass and nuisance and an order directing the agency to comply with state and local noise laws and ordinances. Holding that the federal Noise Control Act did not

provide a private right of action and did not require the Postal Service to comply with local regulations, the district court denied relief.

On appeal, the Burrowses assert that because the Postal Service waived its sovereign immunity through the PRA's sue-and-be-sued clause, 39 U.S.C. § 401(1) (2000), they were entitled to enforce local Maryland noise ordinances against the agency without regard to whether any federal statutes created a private cause of action to enforce state and local law. We conclude that we need not evaluate this claim because the Burrowses failed to raise it properly in the district court. Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) (holding that claims raised for the first time on appeal will not be considered absent exceptional circumstances). Without expressing an opinion concerning the merits of this claim, if the Burrowses wish to pursue it, they must do so through a new action.

For these reasons, we affirm the district court's order denying relief on the Burrowses' complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED