[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13872
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 17, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-23412-MGC

PEDRO PRECIADO RODRIGUEZ, and his wife,
GENELDA MARMOLEJO,

Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 17, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Pedro Preciado Rodriguez and his wife Genelda Marmolejo filed a civil

action under the Federal Tort Claims ACT (FTCA), 28 U.S.C. §§ 1346(b)(1) and 2674, and under state law for negligence against the United States. The plaintiffs sought damages for injuries Rodriguez suffered while he was detained at Krome Service Processing Center (Krome). The district court dismissed the complaint for lack of subject-matter jurisdiction because the alleged conduct fell within the discretionary function exception to the FTCA's waiver of immunity. We affirm.

Government regulations require Krome to provide exercise equipment to detainees, but the type of equipment is not specified. The recreational specialist, who is responsible for selecting and maintaining the equipment at Krome, chose the Hip & Dip Chin Combo machine. This machine is bolted to the concrete floor, has no moving parts, and is easy to use. The Recreational Specialist assigned to Krome is available to provide assistance and training on the equipment. The equipment is inspected daily.

On February 18, 2008, while detained at Krome pending removal proceedings, Rodriguez was injured while attempting to use the Hip & Dip Chin Combo machine in his dormitory. Although no one at Krome had instructed him how to use the machine and he never asked for assistance, Rodriguez had watched other detainees use it. That evening, Rodriguez climbed to the top of the machine in an effort to reach the handles and then jumped or fell onto the concrete floor.

The guards heard the thump, but did not witness the fall. Rodriguez was transferred to the hospital where he was diagnosed with a traumatic cervical spine injury; he will likely require life-long care.

Rodriguez and his wife then filed this civil action against the United States claiming that the authorities at Krome were negligent by failing to supervise and instruct Rodriguez on the proper use of the equipment. In their three-count complaint, the plaintiffs alleged negligence under the FTCA and state law and loss of consortium.

The district court *sua sponte* dismissed the complaint with prejudice for lack of subject-matter jurisdiction, applying the discretionary function exception to the government's waiver of immunity.[1] The court found that, although regulations required Krome to provide equipment, the decision as to what type of equipment was discretionary and there were no regulations setting forth Krome's responsibility to train, supervise, or warn detainees who used the equipment. As the court explained, "Krome had to provide detainees with access to recreational programs under safe conditions but had discretion as to the manner and method of carrying out this non-specific guideline." After unsuccessfully moving for relief

---

[1] The court also declined to exercise its supplemental jurisdiction over the state-law claims.

from the judgment, plaintiffs appeal.[2]

We review a district court's interpretation and application of the discretionary function exception to the FTCA *de novo*.[3] *Ochran v. United States*, 117 F.3d 495, 499-500 (11th Cir. 1997).

The United States government may not be sued without its consent, and this immunity extends to federal government agencies. *Asociacion de Empleados del Area Canalera (ASEDAC) v. Panama Canal Com'n*, 453 F.3d 1309, 1315 (11th Cir. 2006). Under the FTCA, the federal government waives its immunity regarding negligent or wrongful actions committed by its employees within the scope of their official duties. 28 U.S.C. § 1346(b)(1). But there is a "discretionary function exception" to the FTCA's waiver of immunity. *Nguyen v. United States*, 556 F.3d 1244, 1250-51 (11th Cir. 2009); *see also* 28 U.S.C. § 2680(a). The discretionary function exception precludes government liability for "[a]ny claim

---

[2] We reject Rodriguez's argument that it was error for the district court to dismiss his complaint without notice and the opportunity to conduct discovery. *See Mesa v. United States*, 123 F.3d 1435, 1439 (11th Cir. 1997); *see also McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). The district court had before it the parties' discovery material and the plaintiffs have not proffered what additional discovery they would have obtained to address subject-matter jurisdiction.

[3] Although the court's order dismissed the case for lack of subject-matter jurisdiction by granting the government's motion for summary judgment, we construe that order as a dismissal under Federal Rule of Civil Procedure 12(b)(1). *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007).

based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). When the discretionary function exception to the FTCA applies, no federal subject matter jurisdiction exists. *United States Aviation Underwriters, Inc. v. United States*, 562 F.3d 1297, 1299 (11th Cir. 2009). In deciding whether subject-matter jurisdiction exists, we may consider the pleadings and matters outside the pleadings, such as testimony and affidavits, to satisfy ourselves as to our power to hear the case. *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999) (citation omitted).

We apply a two-part test for determining whether a government employee's action or omission falls within the discretionary function exception. *United States v. Gaubert*, 499 U.S. 315, 322-23 (1991); *Autery v. United States*, 992 F.2d 1523, 1526 (11th Cir. 1993). First, the court is to consider the nature of the conduct and determine whether it involves "an element of judgment or choice." *Gaubert*, 499 U.S. at 322 (citation omitted); *see also Powers v. United States*, 996 F.2d 1121, 1124 (11th Cir. 1993). Second, if the conduct at issue involves the exercise of judgment, the court must determine whether that judgment is grounded in considerations of public policy. *Gaubert*, 499 U.S. at 322-23. "In making this

5

determination, we do not focus on the subjective intent of the government employee or inquire whether the employee actually weighed social, economic, and political policy considerations before acting." *Cohen v. United States*, 151 F.3d 1338, 1341 (11th Cir. 1998) (quoting *Ochran v. United States*, 117 F.3d 495, 500 (11th Cir. 1997)).

Here, Rodriguez challenges Krome's failure to instruct, supervise, and warn him regarding the use of the Hip & Dip Chin Combo Machine.[4] The Department of Homeland Security's Immigration and Customs Enforcement Detention Operations Manual provides,

> 1. facilities must provide detainees with "access to recreational programs and activities under conditions of security and supervision that protect their safety and welfare,"
> 2. each detention center "shall have an individual responsible for the development and oversight of the recreation program,"
> 3. the "Recreational Specialist shall assess the needs and interests of the detainees,"
> 4. "Exercise areas shall offer a variety of equipment. Weight training, if offered, must be limited to fixed equipment. Free weights are prohibited," and
> 5. "Programs and activities are subject to the facility's security and operational guidelines and may be restricted at the [officer in charge's] discretion."

*See* INS Detention Standard, Recreation, I, III(F), (G) (2000).[5]

---

[4] Plaintiffs do not challenge the decision to include the Hip & Dip Chin Combo Machine as part of the recreational equipment.

[5] Available at http://www.ice.gov/doclib/dro/detention-standards/pdf/recreation.pdf.

Rodriguez contends that because the manual required Krome employees to supervise the use of equipment, and there were employees present when he fell, the discretionary-function exception does not apply, as there was no choice or judgment involved. He further argues that the requirement that Krome have a recreational specialist on site also removes any discretion. We disagree.

The manual sets forth the basic requirement that Krome offer recreational equipment. Government conduct does not involve an element of judgment or choice, and thus is not discretionary, if "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive." *Gaubert*, 499 U.S. at 322 (internal quotation marks and citation omitted). But, in this case, the manual does not "specifically prescribe a course of action." Although the manual requires Krome offer safe conditions for the use of this equipment, there is no regulation on point to direct the manner in which Krome provides such conditions. In fact, the manual specifically provides that the activities are subject to the officer's discretion. Given these standards, there is little doubt that this is precisely the type of discretion or choice that falls within the discretionary-function exception. *See Cohen*, 151 F.3d at 1341-42 (concluding that prisoner classification involves choice and judgment even though Bureau of Prisons is

7

required by statute to provide for the protection of its inmates).

Turning to the second prong of the analysis, we must determine "whether the nature of the decision or conduct at issue is susceptible to policy analysis." *Cohen*, 151 F.3d at 1344 (internal quotation marks omitted). Rodriguez complains of the failure to instruct, supervise, and warn him of the danger of the Hip & Dip Chin Combo machine. We note that there was a recreational specialist on staff and that Rodriguez never asked for any instruction. To require Krome staff to anticipate both his unspoken need for assistance and the likelihood that he would use the equipment improperly renders the staff unable to address more pressing needs in the facility. We conclude that this is the type of decision subject to policy analysis. Protected "[d]iscretionary conduct is not confined to the policy or planning level." *Gaubert*, 499 U.S. at 325. Rather, "[d]ay-to-day management . . . regularly requires judgment as to which of a range of permissible courses is the wisest." *Id.*; *see also Hughes v. United States*, 110 F.3d 765 (11th Cir. 1997) (applying discretionary-function exception where the plaintiff had alleged that the postal service was negligent by failing to provide adequate lighting or security to patrons using the twenty-four-hour access). In the instant case, these decisions require considerations of institutional security, safety, and order. *See, e.g. Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded

wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").  Accordingly, we conclude that the district court properly dismissed the complaint for lack of subject-matter jurisdiction.

**AFFIRMED.**