Edward N. KUHLMAN, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civil Action No. 8:11–cv–
00175–T–WHA–CSC.

United States District Court,
M.D. Florida,
Tampa Division.

Aug. 15, 2011.

Adam Brum, Morgan & Morgan, PA, Tampa, FL, for Plaintiff.

John F. Rudy, III, U.S. Attorney's Office, Tampa, FL, for Defendant.

### MEMORANDUM OPINION AND ORDER

HAROLD W. ALBRITTON, Senior District Judge.

## I. INTRODUCTION

This case is before the court on a Motion to Dismiss (Doc. # 20) filed by Defendant United States of America (the "Government") and a Motion to Strike (Doc. # 24), filed by Plaintiff Edward N. Kuhlman ("Kuhlman").

Kuhlman filed an Amended Complaint (Doc. # 17) in this court on March 9, 2011, bringing a claim of negligence against the Government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. The United States has moved to dismiss this case, pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that this court lacks subject matter jurisdiction, based on the discretionary function exception to the FTCA.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED, and this case is due to be DISMISSED for lack of subject matter jurisdiction.

## II. LEGAL STANDARD

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." A

"facial attack" on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990). A "factual attack," on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings. *Id.* at 1529. Under a factual attack, the court may hear conflicting evidence and decide the factual issues that determine jurisdiction. *Colonial Pipeline Co. v. Collins,* 921 F.2d 1237, 1243 (11th Cir.1991). However, if "the jurisdictional basis of a claim is intertwined with the merits, the district court should apply a Rule 56 summary judgment standard when ruling on a factual attack. *Lawrence,* 919 F.2d at 1530.

In this case the Government has made a factual attack and attached affidavits to its motion. The Amended Complaint incorporated exhibits attached to it.

### III. *FACTS*

The facts, as established by incorporated exhibits to the Amended Complaint and exhibits to the Motion to Dismiss, are as follows:

In September, 2009, the Tampa Police Department had an active warrant for the arrest of Kuhlman, due to "Violation of Probation/Parole–Felony Fleeing to Elude." On September 2, 2009, to help locate and apprehend Kuhlman, the Tampa Police Department sought the assistance of the United States Marshals Service Florida Regional Fugitive Task Force (the "Florida Task Force").

Scott Ley ("Ley"), a Deputy United States Marshal, began working on the case on September 2. Ley had been assigned to the Florida Task Force since 2005, and had worked for the U.S. Marshals Service since 1990. Ley had received general training in investigating and apprehending fugitives, as well as the use of force, and safety.

To prepare for the case, Ley reviewed Kuhlman's criminal history. Ley noted that Kuhlman had a history of violence, fleeing, and possessing a concealed firearm.

At 3:30 p.m. on September 2, Kuhlman was spotted at an auto parts store in Tampa. Ley learned, over the radio, that Kuhlman had exited a parked car near the store and, after seeing law enforcement, fled. Ley then saw Kuhlman run across Hillsborough Avenue, a busy six-lane road, and toward the drive-through of a Checkers restaurant.

Ley pursued Kuhlman in Ley's vehicle. Ley activated his emergency equipment, drove across Hillsborough Avenue, crossed over the center median, and drove toward the Checkers parking lot.

Upon approaching the Checkers parking lot, Ley observed Selser Pickett, a Tampa Police Department officer, heading toward him in his police cruiser. Ley and Pickett entered the Checkers parking lot simultaneously. Ley drove around the right side of the Checkers building, and Pickett drove around the left side. While driving around the right side of the building, after confirming that there were no vehicles exiting the drive-through, Ley entered the drive-through at approximately 15 miles per hour.

While moving through the drive-through, Ley attempted to use his radio to notify others of Kuhlman's location. Ley noted that it was important to notify others of Kuhlman's location because there was a middle school behind the Checkers.

At this time, Kuhlman suddenly appeared in front of Ley's vehicle. Ley was startled and ducked down for safety. Ley's vehicle struck Kuhlman, and Kuhlman landed on the hood. The vehicle then

veered to the right, jumped a curb, and landed against a retaining wall. Kuhlman was injured as a result of the crash.

Kuhlman acknowledged in his FTCA Claim Form, attached as an exhibit to the Amended Complaint, that, at the time of the accident, he "was fleeing from officers."

## IV. *DISCUSSION*

The Government argues that the court lacks subject matter jurisdiction over this case, due to the FTCA's discretionary function exception. The Government asserts that it is making a factual challenge to subject matter jurisdiction, and accordingly, it has submitted evidence supporting its arguments. Prior to turning to the discretionary function exception issue, this court must rule on Kuhlman's Motion to Strike.

### A. Motion to Strike

In support of its Motion to Dismiss, the Government submitted declarations of Ley, Pete Cajigal, and Roderick Glyder, and attached an accident report to Glyder's declaration. Kuhlman moves to strike all of the evidence filed in support of the Government's Motion to Dismiss for two reasons. Both are frivolous.

■ First, Kuhlman argues that all evidence outside the four corners of the Amended Complaint should be stricken, because the "Government has made a facial attack on Subject Matter Jurisdiction." Doc. # 24 at 2. Kuhlman is wrong. The Government's Motion to Dismiss explicitly states that it is making a factual, not facial,

attack. Doc. # 20 at 8 ("Here, the Defendant *raises a factual challenge* . . . .") (emphasis added). In considering a factual attack, this court considers " 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.' " *See, e.g., McMaster v. United States,* 177 F.3d 936, 940 (11th Cir.1999) (quoting *Lawrence,* 919 F.2d at 1529); *see also Barnett v. Okeechobee Hosp.,* 283 F.3d 1232, 1238–39 (11th Cir.2002) (considering statements submitted by government employees in response to a plaintiff's FTCA claim).

■ Second, Kuhlman argues that "[s]elf-serving [d]eclarations that are prepared in anticipation of litigation, which contain conclusory allegations but that are not made in the ordinary course and scope of business is [sic] inadmissible hearsay." Doc. # 24 at 2. As support, Kuhlman cites no cases and presents no argument, and merely asks the court to "[s]ee generally" Rules 802, 803, and 807 of the Federal Rules of Evidence. Kuhlman did not challenge any specific portions or statements in the exhibits.

Kuhlman's argument is not only conclusory, but also meritless. Virtually all of Ley's declaration, for example, is explicitly Ley's own personal knowledge, describing his actions in preparing to pursue and pursuing Kuhlman. The court has reviewed the declarations, and finds that all of the material portions are appropriate for the court to rely on at this stage in the litigation. The court will not consider any conclusory allegations, to the extent that any exist.[1]

---

1. Kuhlman also notes that he "has not had an opportunity to participate in discovery, take depositions, or investigate through the litigation process, any of the self-serving statements cited by the Government." He does not, however, ask for the opportunity to conduct discovery and does not contest the accuracy of any of the factual statements in the

affidavits. He merely says that the evidence itself establishes a fact issue of negligence. The court will assume, for purposes of the Motion to Dismiss, that Kuhlman's allegation that Ley was negligent is true. *See Mesa v. United States,* 123 F.3d 1435, 1439 (11th Cir. 1997).

In sum, Kuhlman's Motion to Strike is due to be DENIED.

## B. Motion to Dismiss

██ The court next turns to the Government's Motion to Dismiss. The Government argues that this court lacks jurisdiction over Kuhlman's claim due to the discretionary function exception of the FTCA. The court agrees.

██ Under the doctrine of sovereign immunity, the Government is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (citation omitted). Statutory waivers of sovereign immunity are "construed strictly in favor of the sovereign." *McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17, 96 L.Ed. 26 (1951).

Through the FTCA, Congress has created a limited waiver of the Government's sovereign immunity, authorizing

> claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Congress, however, enacted several exceptions to this waiver, one of which is asserted by the Government. That exception is the discretionary function exception. If the discretionary function exception applies to Kuhlman's claim, then this court lacks subject matter jurisdiction over it, and this case must be dismissed.

In his response to the Government's Motion to Dismiss, Kuhlman's entire argument is based on the assertion that the discretionary function exception cannot apply in this case because Ley was negligent, and the Amended Complaint merely alleges negligent operation of an automobile by an employee of the government in striking Kuhlman while he was a pedestrian.[2] Kuhlman argues that the statutory provision containing the discretionary function exception states that the Government is not liable for "[a]ny claim based upon an act or omission of an employee of the Government, *exercising due care* ...." 28 U.S.C. § 2680(a) (emphasis added).

Kuhlman's response states that "Plaintiff *does not* contend that U.S. Marshal Leys' [sic] action were [sic] intentional, or were in anyway [sic] related to his training or experience. Plaintiff *does not* contest U.S. Marshal Leys' [sic] authority to arrest Plaintiff. Plaintiff *does not* contest the way U.S. Marshal Ley, decided to effectuate the arrest. Plaintiff simply alleges that he failed to use reasonable care driving a vehicle while in the course and scope of his employment and crushed the Plaintiff into a wall." Doc. # 24 at 5 (emphasis in original). He argues simply that the discretionary function exception only applies if due care was exercised, and that that is a fact issue for the trier of fact.

Kuhlman's argument is meritless. The full text of the provision that Kuhlman cites makes two exceptions to FTCA liability:

> Any claim [1] based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, *or* [2] based upon the exercise or performance or the failure to exercise or

---

**2.** The court notes, however, that Kuhlman's FTCA claim form, attached as an exhibit to the Amended Complaint, acknowledges that he "was fleeing from officers" at the time.

perform a discretionary function or duty on the part of a federal agency or an employee of the Government, *whether or not the discretion involved be abused.* 28 U.S.C. § 2680(a) (emphasis and alterations added). The plain text of this statutory provision makes *two* exceptions to FTCA liability, because the provision is disjunctive. First, it excepts acts or omissions of Government employees in the execution of a statute or regulation, so long as due care is exercised. The Government has not raised that exception in this case, so it is irrelevant. Second, § 2680(a) excepts the performance or failure to perform discretionary functions or duties by Government employees or agencies, *whether or not the discretion is abused.* The second exception is the discretionary function exception, and is the exception that is relevant in this case. Kuhlman's argument applies to the first exception, which the Government did not assert. *See Lively v. United States,* 870 F.2d 296, 297–98 (5th Cir.1989) (rejecting the exact same argument that Kuhlman makes in this case).

So, the court will analyze the Motion to Dismiss on the basis of the second exception set out in 28 U.S.C. § 2680(a). In doing so, the court must apply a two-part test to determine whether the discretionary function exception applies to the challenged conduct. *United States v. Gaubert,* 499 U.S. 315, 326, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991); *Hughes v. United States,* 110 F.3d 765, 768 (11th Cir.1997).

▉▉▉ First, a court must look to the nature of the challenged conduct and consider whether the challenged conduct involves an element of judgment or choice. *Gaubert,* 499 U.S. at 323, 111 S.Ct. 1267.[3] Thus, the discretionary function exception does not apply "if a 'federal statute, regu-

lation, or policy specifically prescribes a course of action ... embodying a '*fixed or readily ascertainable standard.*' " *Autery v. United States,* 992 F.2d 1523, 1529 (11th Cir.1993) (emphasis in original) (citations omitted). Nor will the discretionary function exception apply if constitutional law specifically prohibits the challenged conduct. *See, e.g., Prisco v. Talty,* 993 F.2d 21, 26 n. 14 (3d Cir.1993); *Sutton v. United States,* 819 F.2d 1289, 1293 (5th Cir. 1987); *Myers & Myers, Inc. v. United States Postal Serv.,* 527 F.2d 1252, 1261 (2d Cir.1975).

▉▉▉ Second, if the challenged conduct involves an element of judgment or choice, a court must determine whether the challenged conduct " 'is of the kind that the discretionary function exception was designed to shield.' " *Gaubert,* 499 U.S. at 323, 111 S.Ct. 1267. "Because the purpose of the [discretionary function] exception is to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort, ... the exception protects only governmental actions and decisions based on considerations of public policy." *Id.* (internal quotations and citations omitted). Significantly, the discretionary function exception may apply even if the challenged conduct was negligent or an abuse of discretion. *See* 28 U.S.C. § 2680(a); *Dalehite v. United States,* 346 U.S. 15, 33–34, 73 S.Ct. 956, 97 L.Ed. 1427 (1953).

For example, in *Mesa,* the Eleventh Circuit held that the discretionary function exception applied when Drug Enforcement Agency agents allegedly negligently or recklessly served an arrest warrant by serving the warrant on the wrong person, and detaining and questioning that person

---

**3.** Whether a government actor's conduct involves an element of judgment or choice depends on the nature of the actor's conduct, not the actor's status. *Gaubert,* 499 U.S. at 322, 111 S.Ct. 1267 (citation omitted).

even after discovering their mistake. *Mesa v. United States,* 123 F.3d 1435, 1437 (11th Cir.1997). With respect to the first prong of the discretionary function exception test, the court "readily conclude[d] that the decisions regarding how to locate and identify the subject of an arrest warrant ... are discretionary in nature and involve an element of judgment or choice." *Id.* at 1438. The court similarly found that the second prong of the test was satisfied, reasoning that, in deciding how and whether to investigate a subject's location and identity, an agent would need to weigh a variety of factors, including: (1) "the urgency of apprehending the subject;" (2) "the potential threat the subject poses to public safety;" and (3) "the likelihood that the subject may destroy evidence." *Id.* at 1438–39.[4]

Similarly, in an unpublished opinion, the Eleventh Circuit held that the discretionary function exception applied when a plaintiff alleged that an FBI special agent negligently pulled his vehicle forward, in an attempt to prevent the plaintiff from escaping, striking the plaintiff and causing injuries. *Williams v. United States,* 314 Fed.Appx. 253, 254, 256–57 (11th Cir.2009). The court found that the decision to move the vehicle forward satisfied the first prong of the discretionary function exception test because "[n]o fixed standard or statute exists to mandate precisely how to prevent escape of a fleeing suspect or how to carry out an arrest; further judgment under such circumstances is required." *Id.* at 258. The second prong was similarly satisfied because the agent had to "con-

sider his training, the need to restrain Williams, the concern for Williams's safety, the public's safety, his available resources, and the information at hand in determining the proper course of action." *Id.* at 258; *see also United States v. Faneca,* 332 F.2d 872, 873, 874 (5th Cir.1964)[5] (finding discretionary function exception applied to the alleged negligent decision to fire tear gas and riot gas projectiles into a crowd, noting that "[j]ust as the tasks of ... handling an unruly mob are among the responsibilities of the Chief Marshal and the Deputy Attorney General, so is the choice of means for performing these tasks peculiarly within their discretion).

In this case, both prongs of the discretionary function exception test are satisfied. First, Ley's conduct clearly involved an element of judgment or choice. The conduct at issue here is Ley's determination of the manner in which he would act to find and apprehend Kuhlman, a fleeing suspect. This determination necessarily involves choice and discretion. While the Government admitted that Ley received training and guidance from the U.S. Marshals Service on fugitive apprehension, use of force, and how to establish a perimeter, Ley lacked a "fixed or readily ascertainable standard" that he could follow in making his decisions in this type of situation. Rather, Deputy Marshals, such as Ley, must necessarily rely on their own judgment in attempting to locate and apprehend a suspect fleeing on foot in a populated area. Accordingly, the first prong of

---

4. The court recognizes that the *Mesa* court explicitly refused to decide "the question of whether all actions taken in deciding when and how to execute an arrest warrant are subject to the discretionary function exception," but rather, addressed the narrow question of "whether the process of locating and identifying the subject of an arrest warrant is within the discretionary function exception."

*Mesa,* 123 F.3d at 1437 n. 3. Nevertheless, the rationale expressed in the *Mesa* decision, though it involved different facts than this case, is applicable here.

5. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit.

the discretionary function exception test is satisfied.

Second, the type of conduct Ley engaged in is of the kind that the discretionary function exception was designed to shield, because it is susceptible to policy analysis. Similar to the considerations the Eleventh Circuit found to be significant in *Mesa* and *Williams,* in determining how to pursue Kuhlman, an agent would need to consider, among other factors: (1) the risk Kuhlman posed to the public, including the fact that Kuhlman had a history of violence and fleeing; (2) the risk the pursuit posed to Kuhlman and others; and (3) the urgency of apprehending Kuhlman, including the fact that Kuhlman was located close to a nearby school that was about to let out. Therefore, the court concludes that the second prong of the discretionary function exception test is satisfied.

Additionally, numerous cases support the proposition that the discretionary function exception applies even when discretion is abused, through negligence or otherwise. *See, e.g., Hughes,* 110 F.3d at 768 n. 1; *Ochran v. United States,* 117 F.3d 495, 502 n. 2 (11th Cir.1997); *Autery,* 992 F.2d at 1528; *Dickerson, Inc. v. United States,* 875 F.2d 1577, 1580–81 (11th Cir.1989). In fact, the Eleventh Circuit has explicitly stated that "[o]ur concern under the discretionary function exception *is not whether the allegations of negligence are true."* *Hughes,* 110 F.3d at 768 n. 1 (emphasis added).

Kuhlman also argues that because Ley did not "intend[ ] to strike the Plaintiff with his vehicle or lose control of his vehicle," the discretionary function exception does not apply. While Kuhlman's argument on this point is far from clear, it appears he is arguing that because the discrete act of Ley hitting Kuhlman with his car was not an intentional discretionary decision, it does not fall within the discretionary function exception. The court rejects this argument, because the decision to drive in a particular manner, in an attempt to apprehend a fugitive, is discretionary conduct. *See supra.* Kuhlman cannot simply argue that because the result of the discretionary conduct was unintended, it is not discretionary conduct; that would be analyzing this case out of context. *See Mid–South Holding Company, Inc. v. United States,* 225 F.3d 1201, 1207 (11th Cir.2000) ("[A]lmost any exercise of governmental discretion could be overly parsed so as to focus on minute details of sub-decisions to the point that any relationship to policy would appear too attenuated.... [S]uch tunnel-visioned analyses would render the discretionary function exception nugatory and open virtually every decision that implements a governmental decision to liability) (alterations in original) (quoting *Baldassaro v. United States,* 64 F.3d 206, 211–12 (5th Cir.1995)); *see also id.* (rejecting argument that discretionary function exception did not apply when FBI agents' act was not an affirmative decision).

In sum, the discretionary function exception applies to Kuhlman's negligence claim. Accordingly, the United States has not waived its sovereign immunity with respect to this claim, and therefore, this court lacks subject matter jurisdiction over it. As this is the only claim in this case, the court lacks subject matter jurisdiction over the entire case.[6]

**6.** The court finds that discovery is unnecessary to resolve this jurisdictional issue, particularly because Kuhlman has not articulated a discovery request that could cure the jurisdictional deficiency. Kuhlman has admitted that he was fleeing from officers at a time when the officers had the right to arrest him, and the court has assumed that Ley was negligent in his driving. *See, e.g., Freeman v. United States,* 556 F.3d 326, 341–42 (5th Cir.2009).

## V. *CONCLUSION*

For the foregoing reasons, it is hereby ORDERED that the Motion to Strike is DENIED [7] the Motion to Dismiss is GRANTED, and this case is DISMISSED for lack of subject matter jurisdiction.

### *JUDGMENT*

In accordance with the Memorandum Opinion and Order entered in this case on this date,

Judgment is entered in favor of the Defendant, United States of America, and against the Plaintiff, Edward N. Kuhlman, and this case is DISMISSED for lack of subject matter jurisdiction.

---

7. Ordinarily, after dismissing a claim for lack of subject matter jurisdiction, this court would deny other pending motions as moot. However, the court denies the Motion to Strike, because it had to resolve that motion prior to ruling on the Motion to Dismiss.