**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 7, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROGER GARLING; SHERYL
GARLING; R AND D ENTERPRISES,
INC.,

     Plaintiffs - Appellants,

v.

     No. 16-8028

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

     Defendant - Appellee.
_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**
**(D.C. NO. 1:15-CV-00036-SWS)**
_____

Christopher S. Pugsley (Anthony J. Thompson, with him on the briefs), Thompson &
Pugsley, Washington, D.C., appearing for Appellants.

C. Levi Martin, Assistant United States Attorney (Christopher A. Crofts, United States
Attorney, with him on the brief), Office of the United States Attorney for the District of
Wyoming, Cheyenne, Wyoming, appearing for Appellee.
_____

Before **MATHESON**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

**MATHESON**, Circuit Judge.
_____

    Roger Garling, Sheryl Garling, and their business, R and D Enterprises, Inc.,

(collectively, "the Garlings") sued the United States for damages arising from an

Environmental Protection Agency ("EPA") raid and investigation of their laboratory. The district court held the Garlings' action time-barred under the Federal Tort Claims Act ("FTCA"). The Garlings appeal, arguing the EPA's conduct was a continuing tort or, alternatively, that they were entitled to equitable tolling.

Exercising jurisdiction under 28 U.S.C. § 1291, we conclude that sovereign immunity barred the Garlings' claims and the district court thus lacked subject matter jurisdiction. We therefore reverse the district court's judgment and remand with directions to dismiss this action for lack of jurisdiction.

## I.  BACKGROUND

In reviewing a district court's dismissal under Rule 12(b)(1) or 12(b)(6), "[w]e accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the [plaintiff]." *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quotations omitted) (Rule 12(b)(6)); *see Ruiz v. McDonnel*, 299 F.3d 1173, 1180 (10th Cir. 2002) (Rule 12(b)(1)). We therefore recite the facts as alleged in the Garlings' Second Amended Complaint, the operative complaint here.

### A. *Factual Background*

Roger and Sheryl Garling owned and operated the Casper, Wyoming branch of Energy Laboratories, Inc. ("ELI"), a commercial laboratory business.[1] The EPA initiated an investigation after an ELI employee told the EPA that ELI was submitting false water quality reports. On October 30, 2007, agents from the EPA's Criminal Investigation

---

[1] Roger and Sheryl Garling own R and D Enterprises, Inc., which owned the properties ELI leased for its Casper, Wyoming business operations.

- 2 -

Division ("EPA-CID") and other federal officers executed an armed raid of the ELI facilities pursuant to a search warrant.

On February 25, 2008, as a result of the raid, ELI forced the Garlings to resign. In February 2009, the Garlings met with Jack Rychecky, the EPA officer in charge of implementing the Safe Drinking Water Act ("SDWA") program in the region covering Wyoming. He informed them that he had advised EPA-CID, based on his belief that the agency lacked a sufficient factual basis, against conducting the raid. In September 2009, Assistant U.S. Attorney ("AUSA") James Anderson confirmed to the Garlings' attorney that they were the targets of the EPA's investigation.

From June 2011 to March 2013, the Garlings filed several Freedom of Information Act ("FOIA") requests with the EPA about the investigation. The EPA terminated its investigation on October 18, 2012, without filing charges.

## B. *Procedural History*

On May 12, 2013, the Garlings filed an FTCA administrative claim with the EPA seeking damages "due to EPA's 2007 raid and subsequent investigation." Aplt. App. at 18. The EPA denied the claim.[2] The Garlings requested reconsideration, which the EPA denied.

On March 9, 2015, the Garlings filed an FTCA action in the United States District Court for the District of Wyoming. Their Second Amended Complaint alleged injuries as

---

[2] Although the EPA's denial cited the Garlings' "fail[ure] to state a claim . . . for which relief is available," *see* Aplt. App. at 18, an agency is not required to state a reason for denying an FTCA administrative claim, *see* 28 C.F.R. § 14.9(a) (stating the notice of denial "may include a statement of the reasons for the denial").

a result of "EPA officials' reckless and grossly negligent conduct." *Id*. at 8. The Garlings attempted to assert seven claims: (1) "reckless and/or gross negligence in the form of criminal investigation" ("tortious investigation"), (2) false imprisonment, (3) false arrest, (4) abuse of process, (5) defamation, (6) intentional infliction of emotional distress, and (7) conspiracy. *Id*. at 23.

The United States moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing the Garlings failed to meet the FTCA's two-year statute of limitations to file their administrative claim. *See* 28 U.S.C. § 2401(b). It also moved to dismiss the tortious investigation and defamation claims under Rule 12(b)(1) for lack of subject matter jurisdiction because the FTCA does not waive the United States' sovereign immunity for those claims.

The district court dismissed the Garlings' entire FTCA action as time-barred. It determined the Garlings' claims accrued on the date of the EPA's armed raid (October 30, 2007) or, at the latest, the date their ELI employment ended (February 25, 2008)—more than five years before they filed their administrative claim. The court did not address subject matter jurisdiction. The Garlings now appeal.

## II. **JURISDICTION**

The district court's ruling that the Garlings' claims were time-barred was a non-jurisdictional basis for dismissal. *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015) (holding "the FTCA's time bars are nonjurisdictional"). To reach the issue of timeliness, however, the district court needed to have had subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94

- 4 -

(1998) ("Without jurisdiction the court cannot proceed at all in any cause." (quotations omitted)). Thus, although the Garlings do not address this issue on appeal, we must first consider whether the district court had subject matter jurisdiction over their claims. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (providing that federal appellate courts have an independent obligation to examine subject matter jurisdiction).

Because we resolve this issue based on the complaint, we must accept its factual allegations as true, *see Ruiz*, 299 F.3d at 1180, but not its legal conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere "labels and conclusions" do not count. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[3]

A. *FTCA Waiver of Sovereign Immunity and Exceptions to Waiver*

Sovereign immunity precludes federal court jurisdiction. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "[T]he United States can be sued only to the extent that it has waived its immunity." *United States v. Orleans*, 425 U.S. 807, 814 (1976); *see United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Aviles v. Lutz*, 887 F.2d 1046, 1048 (10th Cir. 1989)

---

[3] *Iqbal* and *Twombly* addressed how a complaint should be analyzed in response to a Rule 12(b)(6) motion to dismiss for failure to state a claim, rather than a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. We agree with the Fourth Circuit, which said that "when a defendant asserts that the [FTCA] complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009).

(stating that, where Congress had not authorized suit under the FTCA, the district court was "without subject matter jurisdiction").

Through 28 U.S.C. § 1346(b)(1), the FTCA waives sovereign immunity for certain state law tort claims against the United States. This provision is subject to 28 U.S.C. § 2680(h), which lists exceptions to waiver for various intentional torts. But § 2680(h) also includes language that restores waiver for some of those torts. The ensuing overview attempts to make this clearer. We then apply this framework to this case.

1. **Waiver of Sovereign Immunity – § 1346(b)(1)**

The FTCA "is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *Orleans*, 425 U.S. at 814. Subject to the exceptions listed in § 2680, the FTCA permits:

> civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). "State substantive law applies to suits brought against the United States under the FTCA." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004).

2. **Exceptions to Waiver – § 2680**

Title 28 U.S.C. § 2680 lists exceptions to the FTCA's waiver of sovereign immunity. *Id.* § 2680(a)-(n). When an exception applies, sovereign immunity remains, and federal courts lack jurisdiction. *Aviles*, 887 F.2d at 1048; *see Franklin v. United States*, 992 F.2d 1492, 1495 (10th Cir. 1993) (stating that whether the FTCA exception in § 2680(h) applies was a "question of subject matter jurisdiction"); *see also Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012) ("Because the FTCA is a jurisdictional statute, if a case falls within the statutory exceptions of 28 U.S.C. § 2680, the court lacks subject matter jurisdiction . . . ." (brackets and quotations omitted)); *Hydrogen Tech. Corp. v. United States*, 831 F.2d 1155, 1161 (1st Cir. 1987) ("[B]ecause 28 U.S.C. § 1346(b) provides that federal courts shall have jurisdiction over FTCA claims '*subject to*' . . . section 2680 [and] the exceptions found in that section define the limits of federal subject matter jurisdiction in this area.").

Two of the § 2680 exceptions are relevant here: (1) claims involving discretionary functions, § 2680(a), and (2) claims involving intentional torts, including defamation, § 2680(h).

a. *Discretionary function exception – § 2680(a)*

Under § 2680(a), the United States is not liable for:

> Any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

This discretionary function exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense*, 467 U.S. 797, 808 (1984).

Whether the exception applies depends on the nature of the agency's conduct. *See United States v. Gaubert*, 499 U.S. 315, 322 (1991). To determine whether agency conduct falls within the exception, we apply a two-part test. *See Garcia v. U.S. Air Force*, 533 F.3d 1170, 1176 (10th Cir. 2008) (citing *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). First, we determine whether the conduct was discretionary—whether it was "a matter of judgment or choice for the acting employee." *Id*. (quotations omitted). "Conduct is not discretionary if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. In this event, the employee has no rightful option but to adhere to the directive." *Id*. (quotations omitted). Second, if the conduct was discretionary, we consider whether it required the "exercise of judgment based on considerations of public policy." *Id*. If both elements are met, the governmental conduct is protected as a discretionary function, and sovereign immunity bars a claim that involves such conduct. *Id*.

  b. *Intentional tort exception – § 2680(h)*

Sections 2680(b)-(n) list claims that are excluded from FTCA's waiver of sovereign immunity in § 1346(b)(1). The first clause of § 2680(h) excludes:

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights[.]

28 U.S.C. § 2680(h).  This provision is known as the "intentional tort exception."

*Millbrook v. United States*, 133 S. Ct. 1441, 1442 (2013).

### i.    Exceptions to the intentional tort exception

Although § 2680(h)'s first clause preserves sovereign immunity for eleven enumerated torts, its second clause waives sovereign immunity for six of those torts when they arise from the "acts or omissions" of federal "law enforcement officers."  *See* 28 U.S.C. § 2680(h).  This clause states:

> Provided, [t]hat, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution.

As the Supreme Court explained, Congress carved out an exception to § 2680(h)'s preservation of the United States' sovereign immunity for intentional torts "by adding a proviso covering claims that arise out of the wrongful conduct of law enforcement officers."  *Millbrook*, 133 S. Ct. at 1443.  "Known as the 'law enforcement proviso,' this provision extends the waiver of sovereign immunity to claims for six intentional torts"—assault, battery, false imprisonment, false arrest, abuse of process, and malicious prosecution.  *Id.*

- 9 -

B. *Analysis*

Sovereign immunity bars all of the Garlings' seven claims and precludes federal court jurisdiction. First, the discretionary function exception in § 2680(a) bars the tortious investigation, intentional infliction, false arrest, false imprisonment, and abuse of process claims. Second, the intentional tort exception in § 2680(h) precludes the defamation claim. Third, § 1346(b)(1) does not waive sovereign immunity for the conspiracy claim because it would not be recognized under Wyoming law.

1. **Discretionary Function Exception**

The discretionary function exception under § 2680(a) bars the Garlings' claims for tortious investigation, intentional infliction, false arrest, false imprisonment, and abuse of process.

a. *Tortious investigation*

Applying part one of the test described above to the tortious investigation claim, we conclude the EPA's conduct was discretionary. If a "federal statute, regulation, or policy [had] specifically prescribe[d] a course of action" for EPA-CID employees to follow in conducting their SDWA investigation, the employees may have had "no rightful option but to adhere to the directive." *See Berkovitz*, 486 U.S. at 536. If there were "no discretion in the conduct for the discretionary function exception to protect," the EPA-CID employees' conduct here could possibly have opened the United States to an FTCA suit. *See id.* But that was not the case here.

Congress delegated broad authority to the EPA to implement and enforce the SDWA. *See* 42 U.S.C. §§ 300f, 300g–2, 300g–3; 18 U.S.C. § 3063 (granting EPA officers law enforcement authority for the investigation of criminal violations); *Hydro Res., Inc. v. EPA*, 608 F.3d 1131, 1166 (10th Cir. 2010) (noting the EPA's "considerable discretion under the SDWA"). We have not found statutes, regulations, or policies prescribing a specific course of action for EPA employees to follow in investigating potential SDWA violations that would foreclose the discretionary function exception and permit the Garlings' tortious investigation claim.

The second part of the discretionary function test is satisfied because the EPA's investigation required the exercise of judgment based on public policy considerations, such as ensuring safe drinking water.

The Garlings raised two arguments in district court attempting to show the tortious investigation claim falls outside the discretionary function exception. Both lack merit.

First, the Garlings argued a 1994 memorandum written by Earl E. Devaney, Director of the EPA Office of Criminal Enforcement, (the "Devaney Memo") removed the EPA's conduct from the protections of the discretionary function exception. In fact, it does the opposite. The Devaney Memo, titled "The Exercise of Investigative Discretion," discusses the EPA's significant discretion in identifying misconduct worthy of investigation and pursuing potential wrongdoers. *See* Aplt. App. at 110, 112. The Memo does not issue a specific directive that EPA employees must follow. Instead, it acknowledges the EPA's "full range of enforcement tools,"

- 11 -

*id.* at 115, and offers general recommendations on allocating EPA resources to focus on the most serious offenders, *see id.* at 112 (identifying "significant environmental harm and culpable conduct" as important factors in EPA's discretionary case selection).

Second, the Garlings contended in district court that the EPA lacked discretion because the agency had delegated primary SDWA enforcement authority to Wyoming. But they provided no source for this contention, and EPA regulations published on October 10, 2007, just before the EPA's raid here, say the opposite: "EPA has [SDWA] primacy [in] . . . Wyoming." *See* National Primary Drinking Water Regulations for Lead and Copper, 72 Fed. Reg. 57,782-01, 57,797 (Oct. 10, 2007) (parenthesis omitted). The websites for the EPA and the Wyoming Department of Environmental Quality ("DEQ") also state that the EPA—not Wyoming—has primary SDWA enforcement authority.[4] And the Garlings cited nothing in support of

---

[4] The EPA website states, "Wyoming is the only State that has not applied to the [EPA] for authority to administer the public water supply program," and thus EPA Region 8 "directly implements the [SDWA]" in the state, including "[l]aboratory certification" and "[f]ormal enforcement." EPA Region 8 Drinking Water Program, *Wyoming Drinking Water Program*, EPA, https://perma.cc/L7HG-UYBZ (last visited Feb. 24, 2017). Wyoming's DEQ website states, "EPA Region 8 has primary enforcement authority . . . for all [SDWA] regulatory programs," except for several programs not relevant here. Wyo. Dep't of Envtl. Quality, *What is Primacy?*, DEQ, https://perma.cc/73YH-ZT6Z (last visited Feb. 24, 2017).

These sources permit judicial notice of the EPA's primary SDWA enforcement authority in Wyoming. *See* Fed. R. Evid. 201(b); *New Mexico ex rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 702 & n.22 (10th Cir. 2009) (taking judicial notice of facts on government websites and observing, "It is not uncommon for courts to take judicial notice of factual information found on the world wide web" (quotations omitted)); *see also United States v. Windsor*, 133 S. Ct. 2675, 2690 (2013) (citing state government website for results of citizens' initiatives concerning same-sex

- 12 -

their argument that agency policy requires that "the EPA, states, and local agencies work closely together" to share information and conduct investigations. *See* Aplt. App. at 20-21. Even if the Garlings' contentions were correct, they still have not shown how the EPA's discretion in conducting SDWA investigations is so limited as to bar application of the discretionary function exception.

The Garlings' tortious investigation claim thus falls within the discretionary function exception to the FTCA. The district court lacked jurisdiction to consider this claim because the United States has not waived sovereign immunity.

b. *Intentional infliction*

The Garlings' intentional infliction claim also falls under the discretionary function exception because it stems from the same conduct as the tortious investigation claim—the EPA's raid and investigation. *See Sydnes v. United States*, 523 F.3d 1179 (10th Cir. 2008) (holding intentional infliction claim barred under discretionary function exception when the conduct giving rise to the claim was discretionary). The district court therefore lacked jurisdiction over this claim.

c. *False arrest, false imprisonment, and abuse of process*

The district court also lacked jurisdiction over the Garlings' claims for false arrest, false imprisonment, and abuse of process. As discussed above, § 2680(h) at first excludes these claims from § 1346(b)(1)'s waiver but then the law enforcement proviso

---

marriage); *Denius v. Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information from government website).

in § 2680(h) waives sovereign immunity for these claims when they arise from alleged misconduct by federal law enforcement.

In determining whether the Garlings' claims fall within the law enforcement proviso, we look to the substance of their claims and not how they labeled them in their complaint. The Sixth Circuit put it well: a plaintiff may not "recast a negligence tort as an intentional tort to take advantage of the law enforcement exception to § 2680(h)." *Milligan*, 670 F.3d at 696; *see also Lambertson v. United States*, 528 F.2d 441, 443 (2d Cir. 1976) ("In determining the applicability of the [§] 2680(h) exception, a court must look, not to the theory upon which the plaintiff elects to proceed, but rather to the substance of the claim which he asserts."); *Johnson v. United States*, 547 F.2d 688, 691-92 (D.C. Cir. 1976) ("[S]urely a litigant cannot circumvent the [FTCA] by the simple expedient of drafting in terms of negligence a complaint that in reality is a claim as to which the United States remains immunized.").

The Garlings' complaint attempts to bring intentional tort claims without alleging intentional tort facts. As to the false arrest claim, the complaint never alleges the Garlings were arrested. Similarly, as to the false imprisonment claim, it never alleges the Garlings were detained. Finally, the complaint never alleges facts showing that EPA had the required "ulterior purpose" for an abuse of process claim in Wyoming. *See Bosler v. Shuck*, 714 P.2d 1231, 1234 (Wyo. 1986). Indeed, the complaint conflates abuse of process with its tortious investigation claim. *See, e.g.*, Aplt. App. at 8 (complaint alleging that "EPA officials acted with reckless and grossly negligent disregard when

- 14 -

conducting the armed raid and, but for this abuse of process, the plaintiffs" would not have been injured).

These three claims stem from the EPA's raid and investigation, and the facts alleged at most amount to negligence or recklessness. As discussed above, the discretionary function exception precludes the claim for negligent or reckless investigation. The Garlings attempt to ascribe the labels of "false arrest," "false imprisonment," and "abuse of process" to these allegations to fit the law enforcement proviso in § 2680(h). But considering, as we must, the substance of the allegations and not the labels, we conclude the district court lacked jurisdiction over these claims.[5]

2. **Defamation**

The district court lacked jurisdiction over the Garlings' defamation claim because § 2680(h) excludes "libel" and "slander" from the FTCA's waiver of sovereign immunity. *See* 28 U.S.C. § 2680(h); *Aviles*, 887 F.2d at 1047-48. Defamation claims are the "equivalent" of "libel" and "slander" and thus exempt from the waiver of sovereign immunity under the intentional tort exception. *Cooper v. Am. Auto. Ins. Co.*, 978 F.2d 602, 613 (10th Cir. 1992).

_____

[5] We recognize the disagreement among the circuits regarding the interaction between § 2680(a) and § 2680(h). *Compare Nguyen v. United States*, 556 F.3d 1244, 1257 (11th Cir.2009) ("[I]f a claim is one of those listed in the proviso to subsection (h), there is no need to determine if the acts giving rise to it involve a discretionary function; sovereign immunity is waived in any event."), *with Medina v. United States*, 259 F.3d 220, 224-26 (4th Cir. 2001) (holding that intentional tort claims under § 2680(h) must also clear the discretionary function hurdle under § 2680(a)). Because the Garlings fail to allege facts showing they were falsely arrested, falsely imprisoned, or subject to an intentional abuse of process, they cannot use § 2680(h) to avoid sovereign immunity, and we need not reach this issue.

- 15 -

3. **Conspiracy**

Finally, as to the Garlings' conspiracy claim, an FTCA claim must be recognized as a tort under the "law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see Hill*, 393 F.3d at 1117. The Wyoming Supreme Court has recognized tort claims for conspiracy provided there is an underlying cause of action in tort. *See White v. Shane Edeburn Constr., LLC*, 285 P.3d 949, 958 (Wyo. 2012). Because the Garlings have no underlying causes of action remaining that overcome sovereign immunity, the FTCA does not waive sovereign immunity for their conspiracy claim because it would fail under Wyoming law.

## III. **CONCLUSION**

We reverse the district court's judgment and remand with directions to dismiss this action for lack of jurisdiction.[6]

---

[6] Because this action must be dismissed for lack of subject matter jurisdiction, we do not address the Garlings' arguments on appeal that their claims are not time-barred or that equitable tolling should apply.