FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 15, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ADAM DERITO,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 20-1134
(D.C. No. 1:18-CV-01612-PAB-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Adam DeRito appeals the dismissal of his due process and negligence claims

alleging the United States Air Force Academy and an unlicensed psychologist falsified

his mental health records.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I

DeRito was a cadet at the Air Force Academy until he was involuntarily

disenrolled for misconduct.  His misconduct included sending abusive emails to other

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

cadets, having alcohol in his room, engaging in an inappropriate sexual relationship, disobeying an order, and emailing nude photos of himself to a 13-year old child. His record of disenrollment indicated he had been repeatedly reprimanded and was "*definitely not recommended*" for other officer training. Aplee. Supp. App. at 32 (capitalization omitted).

After DeRito separated from the Air Force Academy, he enlisted in the Colorado Army National Guard, where he applied to become a warrant officer and to attend flight school. His application was denied, however, because his military personnel file contained what he alleges were false, adverse medical records. Specifically, he alleged that after he was disenrolled from the Air Force Academy, an unlicensed psychologist, Major Kristin Henley Price, made unsubstantiated medical diagnoses about his mental health, which resulted in the denial of his application to be promoted to warrant officer.

In his amended complaint, DeRito claimed the Air Force Academy violated his procedural due process rights by altering his medical records without notice or an opportunity to challenge the diagnoses. He also claimed the changes to his medical records violated his substantive due process rights because the diagnoses were not based on professional guidelines, scientific methodologies, or evidence-based processes. Last, he claimed the Air Force Academy was negligent in ordering or allowing his medical records to be falsified, while Major Price was negligent in falsifying them.[1]

---

[1] DeRito also asserted claims under the Military Pay Act, 37 U.S.C. § 204, and the Declaratory Judgment Act, 28 U.S.C. § 2201, which the district court dismissed. DeRito does not address these claims, and we do not consider them. *See Conroy v. Vilsack*, 707 F.3d 1163, 1170 (10th Cir. 2013).

The district court dismissed the suit, ruling that DeRito's due process claims concerned a nonjusticiable military personnel matter, while his negligence claim sounded in libel, which was excepted from the waiver of sovereign immunity under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680(h). DeRito now challenges both rulings.

II

*A. Due Process*

"Traditionally the courts have been reluctant to intervene in or review military affairs, particularly those dealing with military discretion." *Lindenau v. Alexander*, 663 F.2d 68, 70 (10th Cir. 1981). "The complex subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments, subject *always* to civil control of the Legislative and Executive Branches." *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973). Indeed, "there are thousands of routine personnel decisions regularly made by the services which are variously held nonjusticiable or beyond the competence or jurisdiction of courts to wrestle with." *Murphy v. United States*, 993 F.2d 871, 873 (Fed. Cir. 1993) (brackets and internal quotation marks omitted). Thus, while "actions against military officials for violating their own regulations are reviewable or justiciable," *Lindenau*, 663 F.2d at 71, personnel matters and other "[d]iscretionary decisions of the military are not subject to review by civilian courts," *Schulke v. United States*, 544 F.2d 453, 455 (10th Cir. 1976) (per curiam).

To determine whether a claim is justiciable, we employ a two-part test, first asking whether there is a constitutional, statutory, or regulatory violation, and second evaluating

3

the scope and nature of the intervention into otherwise military affairs necessary to vindicate the alleged violation:

> whether the case involves an alleged violation of a constitutional right, applicable statute, or regulation, and whether intra-service remedies have been exhausted. If so, the court is then to weigh the nature and strength of the challenge to the military determination, the potential injury to the plaintiff if review is refused, the type and degree of anticipated interference with the military function, and the extent to which military discretion or expertise is involved in the challenged decision.

*Lindenau*, 663 F.2d at 71 (internal quotation marks omitted). "[T]he second part of [this] test . . . essentially balances the interests of the parties, with a preference against interference in the military." *Costner v. Okla. Army Nat'l Guard*, 833 F.2d 905, 907 (10th Cir. 1987).[2]

DeRito satisfies the first part of the test by alleging due process violations. The second part of the test, however, clearly counsels against intervention. DeRito says he wants to correct his records so he can be promoted to warrant officer and attend flight school. But this challenge to the alleged mental health records in his personnel file could and should be pursued through military channels, *see* 10 U.S.C. § 1552(a) ("The Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice."). Moreover, DeRito's potential injury is merely economic: he wants to

---

[2] DeRito's opening brief does not indicate whether he exhausted, but the government contends DeRito initiated this action before a final administrative decision was issued. In reply, DeRito says he should not be faulted for failing to exhaust because he waited over six months for an administrative decision to no avail. We need not resolve this issue because our disposition turns on the proper balancing of the parties' interests.

correct his records so he can try to get a promotion. *Cf. Costner*, 833 F.2d at 908 (weighing potential economic injury from age discrimination, among other factors, in concluding that claim was not reviewable). But "[s]crutinizing numerous personnel decisions by many individuals as they relate to [DeRito]'s claim that he was improperly denied promotion would significantly interfere with military functions." *Id.* (brackets and internal quotation marks omitted). Indeed, second-guessing his alleged diagnoses with the aim of reconsidering his application for promotion "would involve the court in a very sensitive area of military expertise and discretion." *Id.* (internal quotation marks omitted). Balancing these considerations demonstrates that DeRito's due process claims are nonjusticiable.

Attempting to avoid this conclusion, DeRito suggests his claims do not concern internal military affairs because he was a civilian when Major Price falsified his records. Alternatively, he asserts he has a cause of action to challenge discretionary military personnel decisions in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He is wrong on both accounts. The alleged changes to his medical records arose out of his time at the Air Force Academy, and his alleged injury—denial of a promotion to warrant officer—occurred while he was in the Colorado Army National Guard. This is not a civilian matter. Moreover, *Bivens,* "which permits suits against federal officials for constitutional violations, does not encompass suits involving injuries that arise out of or are in the course of activity incident to military service." *Hanson v. Wyatt*, 552 F.3d 1148, 1153 (10th Cir. 2008) (internal quotation marks omitted). Again, DeRito's alleged injury arose out of his service at the Air Force

5

Academy. Therefore, *Bivens* is unavailing. And while he might have pursued a different claim, as recognized in *Hanson*, challenging the application of a specific military regulation, *see id.* at 1150, DeRito asserted no such claim and expressly disavows the existence of any such regulation governing changes to his medical records, *see* Aplt. App. at 22, para. 65 (Am. Compl.) ("[The Air Force Academy] does not have any public guidelines or procedures dictating when, where and why a cadet[']s medical records may be changed by an individual that has never seen or examined a particular cadet(s)."). Under these circumstances, the district court correctly dismissed his claims.

### B. Negligence

DeRito also challenges the district court's determination that his negligence claim is barred by the FTCA. The court reasoned that DeRito's claim—predicated on Major Price's written defamatory diagnoses about his mental health—sounded in libel, which is excepted from the FTCA's waiver of sovereign immunity. On appeal, DeRito contends his claim does not satisfy the elements for libel, and thus the district court should not have dismissed it.

We review de novo the district court's dismissal under the FTCA. *See Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 858 (10th Cir. 2005). "The FTCA is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *Garling v. EPA*, 849 F.3d 1289, 1294 (10th Cir. 2017) (internal quotation marks omitted). However, there are "exceptions to the FTCA's

6

waiver of sovereign immunity," and "[w]hen an exception applies, sovereign immunity remains, and federal courts lack jurisdiction." *Id.* (citing 28 U.S.C. § 2680(a)-(n)).

Among the claims excepted from the FTCA's waiver of sovereign immunity are "claim[s] arising out of . . . libel [or] slander," 28 U.S.C. § 2680(h), which are the "equivalent" of defamation, *Garling*, 849 F.3d at 1299 (internal quotation marks omitted). To determine whether this exception applies, we do not look solely to DeRito's characterization of his claim but consider as well the substance of the alleged conduct and whether his allegations delineate a claim "*arising out of*" libel or slander. *See United States v. Shearer*, 473 U.S. 52, 55 (1985) ("Section 2680(h) does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery.").

DeRito alleged the Air Force Academy and Major Price breached a duty of care by falsifying his medical records. He alleged Major Price fabricated his records, intending to harm him, and he repeatedly described her conduct as "fraudulent" and "defamatory." Aplt. App. at 11, para. 9; *id.* at 12, para. 16; *id.* at 13, para. 20. He extended these allegations to the Air Force Academy and claimed it, too, was negligent in ordering or allowing Major Price to falsify his records. These allegations satisfy the elements for defamation.

We apply Colorado's definition of defamation because "[s]tate substantive law applies to suits brought against the United States under the FTCA," *Garling*, 849 F.3d at 1294 (internal quotation marks omitted); *see* 28 U.S.C. § 1346(b)(1). Colorado defines defamation as "(1) a defamatory statement concerning another;

7

(2) published to a third party; (3) with fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special damages or the existence of special damages to the plaintiff caused by publication." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014) (applying Colorado substantive law).

DeRito alleged the diagnoses were false and defamatory, damaging him both personally and financially. He also alleged Major Price published the diagnoses in his medical records intending to harm him, which came to fruition when he was denied a promotion based on the false diagnoses in his personnel file. He further alleged Major Price was at fault for negligently altering his records to include the diagnoses, and he asserted the diagnoses were actionable because they resulted in the denial of his promotion to warrant officer. Given these allegations, DeRito's claim is barred by the FTCA's exception for claims arising out of libel. To the extent he alleged the Air Force Academy was liable for ordering or allowing Major Price to alter his medical records, that theory is barred as well. *See Shearer*, 473 U.S. at 55 ("There is no indication that Congress distinguished between 'negligent supervision' claims and *respondeat superior* claims, with only the latter excluded under the [FTCA].").

DeRito resists this conclusion, but his arguments are self-defeating. He denies that he pleaded the first element of a libel claim, asserting he did not allege a false, defamatory statement, only diagnoses that are fact-based medical opinions. This argument undermines his entire theory, however, and ignores his repeated allegations that the diagnoses were false, fraudulent, and *not* based on any professional

8

guidelines or scientific methodologies. DeRito also denies that he alleged the second element of a libel claim, asserting that Major Price never published the diagnoses. But the government correctly points out that if Major Price did not publish the diagnoses, DeRito cannot establish causation. Third, DeRito inexplicably asserts that Major Price is not at fault because she did not publish the diagnoses—she merely included them in his personnel file. Yet he alleged she was at fault for negligently altering the records in his personnel file, which were published to some unidentified third-party at the Colorado Army National Guard who relied upon the medical records to deny him a promotion. These allegations are sufficient to inculpate her for publication, which "includes any communication by the defendant to a third person," *Robert C. Ozer, P.C. v. Borquez*, 940 P.2d 371, 379 (Colo. 1997). DeRito also asserts he did not plead the fourth element of libel because he did not allege any special damages. The diagnoses would have been actionable per se, however, because the allegedly defamatory meaning would be apparent from the face of the diagnoses. *See Han Ye Lee v. Colo. Times, Inc.*, 222 P.3d 957, 961 (Colo. App. 2009). Thus, there was no need to plead special damages. *See id.* DeRito's negligence claim is barred by the FTCA's exception for claims arising out of libel.

C.  *DeRito's Reply Brief*

For the first time, DeRito, in his reply brief, raises issues not raised in the district court, plus asserted facts not before the district court. It is well established in this court that new arguments cannot be made before this court in a reply brief. *See White v. Chafin*, 862 F.3d 1065, 1067 (10th Cir. 2017); *Gold v. Wolpert*, 876 F.2d

9

1327, 1331 n.6 (7th Cir. 1989). Neither will this court consider matters of fact not in the record before the district court. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1110 n.11 (10th Cir. 2010).

The judgment of the district court is affirmed.

Entered for the Court
Per Curiam