**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**November 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

CLAYTON PHILLIP JONES,

    Plaintiff - Appellant,

v.

CITY OF COMANCHE, OKLAHOMA;
OKLAHOMA MUNICIPAL
ASSURANCE GROUP (OMAG),

    Defendants - Appellees.

No. 25-6016
(D.C. No. 5:24-CV-01111-J)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **EID**, and **ROSSMAN**, Circuit Judges.
_____

Clayton Jones sued the City of Comanche ("the City") and the Oklahoma

Municipal Assurance Group ("OMAG"), asserting federal law claims under the

Fourth and Fourteenth Amendments and state law claims under the Oklahoma

Constitution and statutes. The district court dismissed the case for failure to state a

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claim.  Jones now appeals.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Jones filed his complaint in state court in October 2024, alleging violations of his state and federal constitutional rights after his car was impounded.  The claims were based on an incident in March 2024, when Comanche Police Officer Timothy McClinsey impounded Jones's car based on an expired registration.  While McClinsey was acting as an officer for the city, he had not signed and filed an oath of office, as required under Okla. Stat. tit. 51, § 36.1.[1]  Jones argued that McClinsey accordingly lacked the authority to impound Jones's car, and McClinsey therefore violated Jones's state and federal constitutional rights by acting without proper authority.  He further argued that the impoundment was unconstitutional because Jones's car was a private, non-commercial vehicle, which did not fall under the federal definition of the term "motor vehicle."  Jones also filed an insurance claim with OMAG related to the incident, who Jones alleged acted in bad faith in denying the claim.

The defendants removed the action to the district court and then filed a motion to dismiss under Fed. R. 12(b)(1) and (6).  Jones responded in opposition to the

---

[1] The statute requires officers employed in Oklahoma to "first take and subscribe to the loyalty oath or affirmation required by this act and file the same as hereinafter set forth."  Okla. Stat. tit. 51, § 36.1 (footnote omitted).

motion to dismiss, and the defendants filed a reply.  Jones then filed a "sur-reply" and moved for summary judgment.  The defendants moved to strike the "sur-reply".

The district court granted the defendants' motion to dismiss.  It found that any amendment to Jones's claims against the City would be futile and dismissed those claims with prejudice under Fed. R. Civ. P. 12(b)(6).  It dismissed the claim against OMAG without prejudice for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).  The court denied Jones's motion for summary judgment and the defendants' motion to strike as moot.

The district court explained its dismissal as follows.  First, it determined that Jones failed to state a claim for relief against the City because the *de facto* officer doctrine applied to McClinsey's actions, barring Jones's claims.  The district court also found that Jones's allegations that he did not have to submit to Oklahoma registration requirements based on the definition of the term "motor vehicle" failed, as a constitutional right to travel does not exempt individuals from state licensing and registration requirements.  Second, the court determined that Jones failed to state a claim for relief against OMAG because OMAG was immune from Jones's bad faith claims under the Oklahoma Governmental Tort Claims Act ("OGTCA").

Jones timely appealed.

## II. Standard of Review

We review dismissals under Fed. R. Civ. P. Rule 12(b)(1) and (6) de novo. *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1294 (10th Cir. 2003).  "To survive a motion to dismiss, a complainant must allege facts that, if true, state a claim

3

to relief that is plausible on its face." *Estate of Burgaz v. Bd. Of Cnty. Comm'rs*, 30 F.4th 1181, 1185 (10th Cir. 2022). "In reviewing the motion to dismiss, we accept as true all well-pleaded factual allegations in the complaint and view the allegations most favorable to the non-moving party." *Id.* Because this case involved a facial attack on Jones's complaint under Rule 12(b)(1), we "apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." *Garling v. Env't. Prot. Agency*, 849 F.3d 1289, 1293 n. 3 (10th Cir. 2017) (internal quotation marks omitted).

Jones is pro se and entitled to liberal construction of his pleadings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). He still must comply with the rules that govern all litigants, and we will not act as his "attorney in constructing arguments and searching the record." *Id.*

### III. Analysis

#### a. Jones's claims against the City fail under the de facto officer doctrine.

On appeal, Jones argues that the district court erred by dismissing his claims against the City because the *de facto* officer doctrine cannot apply to McClinsey, who did not have a proper oath of office. The district court correctly determined that the

4

de facto officer doctrine applied to McClinsey, protecting him under both state and federal law.[2]

The federal de facto officer doctrine "confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person's appointment or election to office is deficient." *Ryder v. United States*, 515 U.S. 177, 180 (1995). This court has previously upheld an immunity determination under the de facto officer doctrine even where a public official "did not subscribe an oath of office as required by law." *Horwitz v. State Bd. of Med. Exam'rs*, 822 F.2d 1508, 1516 (10th. Cir. 1987).

Under Oklahoma's de facto officer doctrine, "[w]here the functions of the office are exercised by one who was in the actual possession of it under color of title, even if the officer may not be properly qualified in accordance with the law, his or her acts will be upheld as valid and cannot be collaterally attacked." *State ex rel. Bd. of Regents v. McCloskey Bros., Inc.*, 227 P.3d 133, 147 (Okla. 2009). McClinsey was acting within a law enforcement position even without his signed oath of office. *See, e.g.*, *Greenwood v. State*, 299 P. 248, 250 (Okla. 1931) (holding that an appointed special officer who failed to take an oath of office was still a de facto officer). Accordingly, the district court correctly concluded that the de facto officer doctrine barred Jones from collaterally attacking McClinsey's actions.

---

[2] The district court's de facto officer doctrine analysis utilized both federal and state law. We need not decide whether state or federal law applies because the outcome is the same regardless of which applies.

### b. Jones's car was subject to state registration requirements.

Jones reasserts his contentions that his car was not subject to state registration rules because his car was for personal use, which falls outside of the federal definition of motor vehicle.[3]  We are unconvinced.  While Jones is correct that he has a right to travel under federal law, *see United States v. Guest,* 383 U.S. 745, 758 (1966), this right does not excuse him or any other driver from complying with state registration laws.  States have an interest in ensuring safety, which includes enforcing "licensing, registration, and vehicle inspection requirements."  *Delaware v. Prouse*, 440 U.S. 648, 658 (1979); *see also United States v. Eckhart,* 569 F.3d 1263, 1272 (10th Cir. 2009) (finding that Utah's license plate statutes were not constitutionally burdensome).  This clearly encompasses Oklahoma's vehicle registration requirements, which Jones is not exempt from.  The district court did not err here.

### c. Jones's claims against OMAG failed because OMAG was immune from suit under Oklahoma law.

We now turn to Jones's argument relating to his claims against OMAG.  He argues that OMAG was not entitled to any form of immunity from suit, and, accordingly, those claims should not have been dismissed.

---

[3] Jones provides this interpretation from the use of the phrase "commercial purposes" found in 18 U.S.C § 31(6), which defines a motor vehicle as "every description of carriage or other contrivance propelled or drawn by mechanical power and used for commercial purposes on the highways in the transportation of passengers, passengers and property, or property or cargo."

Under the OGTCA, Okla. Stat. tit. 51, §§ 151-72, the following entities and individuals are immune from tort liability:  "[t]he state, its political subdivisions, and all of their employees acting within the scope of their employment, whether performing governmental or proprietary functions."  §152.1(A).  OMAG operates under the OGTCA and, as the district court correctly noted, is "immune from liability for the tort of bad faith conduct in payment of claims because its employees are not acting within the scope of their employment if they are acting in bad faith."  R. at 184 (quoting *Bd. of Cnty. Comm'rs v. Ass'n of Cnty. Comm'rs of Okla. Self-Ins. Grp.*, 339 P.3d 866, 870 (Okla. 2014)); *see also* Okla. Stat. tit. 51 § 152(12) (defining "scope of employment").  Accordingly, Jones could not bring a bad faith claim against OMAG for not paying out his claim, and the district court did not err in dismissing his claims against OMAG.

### d.  The district court properly evaluated Jones's complaint and the defendants' motion to dismiss.

Finally, we turn to Jones's argument that the district court improperly relied on the defendants' motions to dismiss when it issued its final order.  He argues that their motions to dismiss should not have been granted because the defendants did not offer verified factual evidence in support of the motions.  At the motion to dismiss stage, a district court does not evaluate evidence presented by both parties, but instead determines whether the plaintiff's complaint provides a legally sufficient claim for relief.  *Sutton v. Utah State Sch. for Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999).  The district court was permitted to evaluate the legal plausibility of Jones's

7

claims, which it did. Neither the motions to dismiss nor the district court's ultimate ruling were deficient. We discern no error here.

## IV. Conclusion

We affirm the district court's final judgment. We grant Jones's motion to proceed in forma pauperis. We deny his motion for judicial notice.

Entered for the Court


Allison H. Eid
Circuit Judge